MOORE et al. v. RANKIN.

(Supreme Court, Appellate Term. November 27, 1900.)

1. APPEAL AND ERROR—NEW YORK MUNICIPAL COURT—JURISDICTION.
　　The jurisdiction of the New York City municipal court will be sustained on an appeal to the supreme court, appellate term, though the record does not show that the defendant was a resident of the city of New York.

2. LANDLORD AND TENANT—LEASE—AGENTS—AUTHORITY.
　　A lease executed by a third person can confer no rights on the lessee, in the absence of proof of such third person's authority to act as the landlord's agent.

3. SAME—PROOF OF AGENCY—DECLARATIONS OF AGENT.
　　Extrajudicial declarations of an alleged agent that he is an agent are not admissible to establish his agency.

4. SAME—DECLARATIONS AFTER TERMINATION OF AGENCY.
　　Where an agent has leased property for his principal, a written statement of the terms of the lease made by the agent after his agency has terminated is not admissible against the principal.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by James B. Moore and another, as executors, against William Rankin. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Quackenbach & Wise, for appellant.

J. Kelly, for respondents.

PER CURIAM. Since the decision of the cases referred to by counsel for the appellant, this court has held that it is not necessary that the record should show that the defendant was a resident of the city of New York, in order to sustain the jurisdiction of the court below. We think, however, that the judgment should be reversed for error committed by the justice below upon the trial. The important question involved in the case was whether the defendant had leased the apartments in question for a term of one year. The only proof offered upon the subject by the counsel for the plaintiffs was that such agreements were made by one Litkin, stated to be the agent of the defendant; but there was no competent proof of his agency, nor, assuming that he was in some sense an agent of the defendant, did it appear that he had any authority whatsoever to make a lease for such a period. With respect to the fact of agency, the trial justice admitted evidence of the alleged agent's nonjudicial declarations that he was such agent. It is well settled, however, that such extrajudicial statements are not evidence of the fact. The trial justice further erred in admitting in evidence a paper stating the terms of the letting, made by the alleged agent long after the letting is alleged to have taken place, and long after he had admittedly ceased to have anything whatsoever to do with the property or with the defendant. From every point of view, the admission of this paper was erroneous.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.